**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| E.F.E.L., | ) | |
| | ) | |
| Petitioner, | ) | Case No. 26-cv-02507 |
| | ) | |
| v. | ) | Judge Sharon Johnson Coleman |
| | ) | |
| | ) | |
| MARKWAYNE MULLIN, Secretary of Homeland | ) | |
| Security, ROBERT F. KENNEDY, JR., Secretary | ) | |
| of Health and Human Services, ANGIE SALAZAR, | ) | |
| Acting Director of the Office of Refugee | ) | |
| Resettlement, DAVID SINSKI, Chief Executive | ) | |
| and Vision    Officer of Heartland Human Care | ) | |
| Services, | ) | |
| | ) | |
| Respondents. | ) | |

**ORDER**

Petitioner E.F.E.L., a minor, brought a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, alleging that Respondents violated his due process rights and the Trafficking Victims Protection Reauthorization Act ("TVPRA") of 2008. The Court granted his petition on April 17, 2026. (Dkt. 27). Respondents filed a motion to reconsider this Court's order granting the petition.

The Federal Rules of Civil Procedure do not expressly recognize motions to reconsider. *See Hope v. United States*, 43 F.3d 1140, 1142, n. 2 (7th Cir.1994) (stating that "strictly speaking" a motion for reconsideration does not exist under the Federal Rules of Civil Procedure). Therefore, the motion is typically considered as having been filed pursuant to Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. *See, e.g., Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994). Because judgment has been entered in this case and Respondent's motion was filed within 28 days of judgment, it is proper to consider the motion as a motion under Rule 59(e). *See* Fed. R. Civ. P. 59(e).

Rule 59(e) allows a court to amend a judgment where a movant "demonstrate[s] a manifest error of law or fact or present[s] newly discovered evidence." *Lightspeed Media Corp. v. Smith*, 830 F.3d

500, 505–06 (7th Cir. 2016) (internal citations omitted). A "manifest error" means "the district court commits a wholesale disregard, misapplication, or failure to recognize controlling precedent." *Stragapede v. City of Evanston, Illinois*, 865 F.3d 861, 868 (7th Cir. 2017) (internal quotation omitted). Relief through a Rule 59(e) motion for reconsideration is an "extraordinary remed[y] reserved for the exceptional case." *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008).

The Court may issue a writ of habeas corpus granting a petitioner's release from custody when such custody is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. Undocumented aliens may present due process challenges to their detentions. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). Respondents argue that the Court's Order "fails to adequately separate its analysis of petitioner's initial detention … from the issue of petitioner's custody after his transfer," and "made a determination outside the adversarial issues presented in petitioner's habeas petition."

However, the Court conducted a distinct analysis of Petitioner's "initial detention," a dispositive adversarial issue, and arrived at a clear, explicit conclusion: Petitioner's rearrest violated due process. Respondents do not challenge the Court's findings on what process is due, *see* (Dkt. 5–6) (citing *Mathews v. Eldridge*, 424 U.S. 319 (1976)); do not claim that Petitioner was afforded that process; and do not argue that Petitioner was required to exhaust his administrative remedies prior to bringing his Petition. They offer no other reasons for how the Court erred in finding a due process violation. Interestingly, the words "due process" don't appear anywhere in Respondent's motion. Petitioner's custody was "in violation of the Constitution or laws … of the United States" and Respondents have not shown a "manifest error" of law or fact as to that determination such that relief through Rule 59(e) is unwarranted.

**CONCLUSION**

For the foregoing reasons, Respondent's motion for reconsideration is denied [31].

**IT IS SO ORDERED.**

_____
Sharon Johnson Coleman
United States District Judge

DATED: 6/16/2026